UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARIA STRAWDER and**
**GILBERT STRAWDER,**

       **Plaintiffs,**

vs.                          Case No.: 5:20-cv-00063-JSM-PRL

**ATS PROPERTY MANAGEMENT, LLC,**
a Florida Limited Liability Company,

       **Defendant.**
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT**
**AGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE**

Plaintiffs Maria Strawder and Gilbert Strawder, and Defendant ATS Property Management, LLC, by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Parties' Settlement Agreement and Stipulated Dismissal with Prejudice, and state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

1

A bona fide dispute exists between Plaintiffs and Defendant in this case regarding Plaintiffs' claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the alleged damages associated with same. Defendant has asserted various defenses, including that Plaintiffs were exempt from the FLSA, and that Plaintiffs never worked overtime hours throughout their employment.

Following the exchange of records and informal settlement discussions, the parties attended mediation on August 21, 2020, and successfully mediated this lawsuit. As addressed in the proposed Settlement Agreement attached hereto as Exhibit "A", the parties agreed to a total settlement payment to Plaintiffs of $45,000.00, as follows:

1. Plaintiff Maria Strawder would receive $5,707.87 for alleged unpaid overtime and $5,707.88 for alleged liquidated damages.

2. Plaintiff Gilbert Strawder would receive $5,707.87 for alleged unpaid overtime and $5,707.88 for alleged liquidated damages.

3. Plaintiff's counsel would receive $22,168.50 for attorneys' fees and costs.

Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiffs and Defendant. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiffs' claims. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement. Plaintiffs each have indicated that their portion of the total amount is acceptable to them and each Plaintiff has indicated that they prefer to conclude the litigation at this stage rather than incur the time and expense of protracted litigation, disrupt their current work schedules, or risk the

possibility of failing to prove their claims, due to the current uncertain economic environment.

As per the Settlement Agreement, the parties agree that each party shall bear his, her or its own attorneys' fees and costs, except as otherwise stated in the Settlement Agreement.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice pursuant to the parties' stipulated settlement and dismissal; and (3) retaining jurisdiction over enforcement of the settlement.

Respectfully submitted,

| | |
|---|---|
| /s/ M. Sean Moyles | /s/ Miguel Bouzas |
| M. Sean Moyles, Esq. | Miguel Bouzas, Esq. |
| Florida Bar No. 0080756 | Florida Bar No.: 48943 |
| LANGSTON, HESS & MOYLES, P.A. | FLORIN, GRAY, BOUZAS, OWENS, LLC |
| 600 Druid Rd. E. | 16524 Pointe Village Drive, Suite 100 |
| Clearwater, Florida 33756 | Lutz, Florida 33558 |
| Telephone: (727) 479-1900 | Telephone (727) 254-5255 |
| Facsimile: (727) 479-1901 | Facsimile (727) 483-7942 |
| E-mail: SMoyles@LangstonHess.com | Email: miguel@fgbolaw.com |
| Counsel for Defendants | Secondary: gina@fgbolaw.com |
| | Counsel for Plaintiffs |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARIA STRAWDER and**
**GILBERT STRAWDER,**

    **Plaintiffs,**

vs.                                                                 Case No.: 5:20-cv-00063-JSM-PRL

**ATS PROPERTY MANAGEMENT, LLC,**
a Florida Limited Liability Company,

    **Defendant.**
_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made by and between Plaintiffs Maria Strawder and Gilbert Strawder and Defendant ATS Property Management, LLC.

**WHEREAS**, the above-styled action is a case under the Fair Labor Standards Act ("FLSA") for alleged failure to pay overtime wages;

**WHEREAS**, Plaintiffs may have or have had other claims, causes of action, rights, grievances, demands or suits in law or equity against Defendant based upon theories or facts not yet disclosed to Defendant for acts or occurrences which may have taken place before the execution of this Agreement; and

**WHEREAS**, Defendant denies and rejects Plaintiffs' claims and does not admit or accept any liability of any nature in connection therewith; and

**WHEREAS**, a bona fide dispute exists between the parties concerning the existence and the amount of liability in this case, if any, and, because of such dispute, the

parties desire to settle all claims, disputes and causes of action that Plaintiffs have or may have against Defendant;

**NOW**, **THEREFORE**, in consideration of the mutual covenants to be performed by each of the parties hereto, and set forth in their entirety herein, the parties hereto agree as follows:

**COVENANTS**

1. **Settlement Proceeds**.

    a. Defendants shall pay the total sum of $45,000.00 ("Settlement Proceeds"), as follows:

    i. $5,707.87 payable to Plaintiff Claudia Strawder for alleged unpaid overtime, subject to taxes and withholding, for which a Form W2 shall issue;

    ii. $5,707.88 payable to Plaintiff Claudia Strawder for alleged liquidated damages, for which a Form 1099 shall issue;

    iii. $5,707.87 payable to Plaintiff Gilbert Strawder for alleged unpaid overtime, subject to taxes and withholding, for which a Form W2 shall issue;

    iv. $5,707.88 payable to Plaintiff Gilbert Strawder for alleged liquidated damages, for which a Form 1099 shall issue; and

    v. $22,168.50 payable to Plaintiff's counsel, Florin Gray Bouzas Owens, LLC, for attorneys' fees and costs.

    b. Defendant shall issue the Settlement Proceeds to Plaintiffs' counsel in three equal payments, payable on: September 21, 2020; October 20, 2020; and November

19, 2020, subject to: (i) the Court's approval of this Agreement and dismissal of this action with prejudice; and (ii) the expiration of the Revocation Period (defined below). If the Settlement Proceeds are not paid as provided in this subparagraph, after ten (10) days written notice given to Defendant's counsel, which notice shall grant Defendant an opportunity to cure such failure within such ten (10) day period, then Plaintiffs' claims shall be reinstated.

  c. Each side, Plaintiff and Defendant, shall pay one-half of the mediator's fee for the mediation that occurred on August 21, 2020.

  d. The parties recognize that, notwithstanding their agreement as to the characterization of the settlement proceeds or their taxability, such agreement is not binding on any governmental agency, and the parties recognize the possibility that such agency may refuse their characterization of the settlement proceeds. Each Plaintiff acknowledges and affirms that Defendant has not made any representations concerning the taxability of the settlement proceeds, or any portion thereof. In the event that any governmental agency shall determine that any portion of the settlement proceeds herein shall be taxable as income to any Plaintiff, the Plaintiff agrees to hold Defendant harmless for any additional consideration under this Agreement. Additionally, each Plaintiffs agrees to indemnify Defendant for any amounts determined to be owing from Defendant by such governmental agency by reason of Defendant's failure to withhold and remit any taxes, including income taxes or the employee's FICA contribution, which are, in the ordinary course, to be withheld from or paid by the employee. This indemnification shall also apply to any penalty, interest or other sums, including attorneys' fees, Defendant shall owe as a result of its failure to withhold or remit taxes

which are ordinarily to be withheld from or paid by the employee. This indemnification shall not apply to any tax liability, or interest, penalty or other sums, for items which are payable in the ordinary course by the employer and not as a deduction from the employee, such as the employer's matching FICA contribution.

2. **Dismissal of Action**. Plaintiffs shall withdraw, in writing and with prejudice, any and all actions or proceedings that he/she/they have filed against Defendant. Specifically, and without limiting the generality of the foregoing, Plaintiffs shall dismiss the above-styled case, with prejudice, by causing their counsel to execute and file a joint stipulation for voluntary dismissal with prejudice and the approval of this Agreement. If the Court declines to approve this Settlement Agreement, then the parties shall engage in good faith efforts to revise the Agreement accordingly, and only to the extent necessary for Court approval. If, despite such good faith efforts to revise this Settlement Agreement, the Court nonetheless declines to approve the Settlement Agreement, or this action is otherwise not dismissed with prejudice, then this Settlement Agreement shall be null and void and the parties shall be restored to the *status quo ante*.

3. **Waiver of Appeal**. The parties agree that this Agreement is fair and equitable in the resolution of all issues arising from the action. Therefore, the parties agree to waive any and all rights to appeal the dismissal of this action. Nothing in this paragraph shall preclude any party from bringing an action to enforce the terms of this Agreement, nor will anything in this paragraph bar any party from appealing or seeking other judicial review of any orders or judgments entered in any such subsequent action.

4.     **General Release**.

a.     Each Plaintiff, on his/her own behalf and on behalf of his/her representatives, heirs, executors, administrators, successors, assigns, agents and attorneys, does hereby fully, finally and forever waive and release Defendant, as well as its predecessors, successors, parent companies, affiliated, related or subsidiary business entities, joint ventures, and all of their fringe and employee benefit funds and plans, and any current or former directors, officers, shareholders, employees, agents, insurers and attorneys of these entities (collectively the "Defendant Releasees") from any and all claims, liabilities, charges, proceedings, actions, causes of action, damages, costs, expenses, attorneys' fees, compensation, wages and benefits of any kind and every nature whatsoever, known or unknown, which the Plaintiff has or may have against the Defendant Releasees through to the date of this Agreement, including without limitation matters arising out of the Plaintiff's employment or termination of same.  This waiver and release shall include any theory of law or equity, whether arising under contract, tort, common law, federal law, state law, local law, statute, rule, regulation or ordinance, including without limitation: the Fair Labor Standards Act, 29 U.S.C. sec. 201 *et seq.* as amended; any title of the Civil Rights Act of 1964, including Title VII, 42 U.S.C. § 2000e *et seq.* as amended; the Civil Rights Act of 1991; the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*; the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*; the Equal Pay Act, 29 U.S.C. § 215(d)(1); the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*; the Civil Rights Act of 1866 (42 U.S.C. §§ 1981, 1981A, 1983, 1985, 1986 and 1988); the Employee Retirement Income Security Act of

1974, as amended (ERISA); the Workers' Adjustment and Retraining Notification Act, as amended; the Sarbanes-Oxley Act of 2002; the Genetic Information Nondiscrimination Act (GINA); the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq*.; the Florida Civil Rights Act of 1992, § 760.01 *et seq*., Fla. Stat.; the Florida Whistleblower Protection Act of 1991, § 448.101 *et seq*., Fla. Stat.; any provision of Chapters 440, 443 and 447, Fla. Sat., including the Florida Statutory Provision Regarding Retaliation / Discrimination for Filing a Workers' Compensation Claim; any city or county ordinance; and any collective bargaining agreement(s).

   b. Each Plaintiff acknowledges and agrees that the compensation to be provided by Defendant herein constitutes full compensation and relief for his/her claims, and that he/she is not due any other sums from Defendant.

   c. Notwithstanding the above, this Agreement does not release any rights that cannot by law be released through private agreement.

   d. Nothing herein shall limit any Plaintiff's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency.

   e. Each Plaintiff represents and affirms that, other than the above-styled case, no claims, complaints, charges or other proceedings relating to his/her employment with Defendant are pending in any court, administrative agency, commission or other forum.

   f. Nothing herein shall preclude any party from bringing an action to enforce the terms of this Agreement.

5. **No Right of Rehire**. Each Plaintiff agrees to waive re-employment or reinstatement by the Defendant Releasees in any capacity, now or at any time in the future. Each Plaintiff further agrees not to reapply for employment with the Defendant Releasees, and should any Plaintiff submit such an application, the Releasee is free to reject and disregard it. If any Plaintiff is inadvertently offered or given employment, upon discovery of the breach of this covenant, the Defendant Releasee may rescind such offer or terminate such employment without cause and without recourse. Each Plaintiff agrees that his/her forbearance to seek future employment with the Defendant Releasees is purely contractual and is in no way involuntary, discriminatory or retaliatory.

6. **Indemnification**. If any Plaintiff asserts, in any legal proceeding, any claim(s) against any Defendant Releasee which were waived pursuant to the "General Release" or "No Right of Rehire" paragraphs above, then the Plaintiff shall be liable to the Defendant Releasee for all attorneys' fees and costs (including discovery and court costs) incurred by the Defendant Releasee in defending against such claim(s), regardless of the outcome. This paragraph shall not apply to any claim brought by a Plaintiff pursuant to the ADEA or alleging age discrimination of the kind prohibited by the ADEA. However, if a Plaintiff brings a claim under the ADEA, or alleging discrimination of the kind prohibited by the ADEA, the Defendant Releasee may seek restitution, recoupment, or raise a setoff claim for any payments or benefits provided pursuant to this Agreement, to the extent permitted by law, and may seek attorneys' fees as otherwise provided by law.

7. **No Assignment**. Each Plaintiff hereby represents and affirms that he/she has not assigned, sold, subrogated, transferred, conveyed or pledged as security to anyone

any actions, causes of action, claims or demands that he/she now has or ever had against any Defendant Releasee, and he/she hereby agrees to defend entirely at his/her own expense and to fully indemnify and forever hold harmless Defendant Releasees from any and all actions, causes of action, claims or demands that may be brought against them, by anyone to whom he/she has assigned, sold, subrogated, transferred, conveyed or pledged as security any such actions, causes of action, claims or demands, whether such are asserted by third-party complaint, cross-claim or otherwise, or whether such are asserted for indemnity, contribution or otherwise.

8. **Confidentiality.**

a. Each Plaintiff shall not, directly or indirectly, disclose to any person or entity, including without limitation any current or former employee of any Defendant, any information whatsoever regarding: (1) the substance of this action, including without limitation any facts or allegations relating to Defendants' pay practices, alleged violations of the FLSA or any alleged failure to pay overtime or bonuses; or (2) any aspect of this Agreement, including without limitation its existence, terms or the compensation paid to Plaintiffs and/or their counsel pursuant to the Agreement. If, however, any Plaintiff receives specific inquiries from third persons, which are unsolicited, regarding the status of this dispute, he/she may respond as follows: "The dispute has been resolved to the satisfaction of all parties."

b. The confidentiality restrictions set forth in subparagraph (a) above shall not apply to any Plaintiff's disclosure of information: (1) as required by a properly issued subpoena; (2) as required by an order of a court of competent jurisdiction; (3) to state and federal tax authorities to the extent reasonably necessary (e.g., with respect to completing

required federal tax returns or in response to audit); or (4) to the Plaintiff's tax and legal advisors.  If a Plaintiff discloses such information in compliance with a subpoena or court order, then he/she must provide written notice of same, immediately upon receipt, to Defendants' counsel, M. Sean Moyles, via email at smoyles@langstonhess.com or delivery to M. Sean Moyles, Langston, Hess & Moyles, PA, 600 Druid Rd. E., Clearwater, FL  33756.  If a Plaintiff discloses such information to a tax or legal advisor, he/she agrees to instruct the professional to keep the information confidential.

      9.    **Costs and Fees**.  Each party shall bear its, his or her own costs, attorneys' fees and other expenses incurred in connection with this action.

      10.    **No Admission of Liability**.  It is understood that the parties have entered into this Agreement in order to avoid the substantial costs, inconvenience and uncertainties of litigation.  It is further understood that Defendant denies that it committed any violation of law.  The parties agree that the execution of this Agreement does not constitute an admission by any Defendant that it has violated any law, statute, rule, regulation or ordinance of the United States, the State of Florida, or any county or municipality, or that any Defendant has breached any of its policies or practices, or that any of Plaintiffs' claims have any merit.  The parties further agree that this Agreement shall not be interpreted to render any Plaintiff to be a prevailing party for any purpose, including without limitation an award of attorneys' fees under any law.

      11.    **Governing Law**.  This Agreement shall be construed and governed in accordance with the laws of the State of Florida.

      12.    **Waiver of Term, Provision or Condition**.  No waiver of a breach of any provision of this Agreement shall operate or be construed as a waiver of any subsequent

breach of that or any other provision. No waiver shall be valid unless in writing and signed by the party making such waiver.

13. **Binding Effect**. The rights and obligations of the parties under this Agreement shall inure to the benefit of and shall be binding upon their heirs, successors and assigns.

14. **Modifications**. This Agreement may not be altered, amended, modified or terminated except by an instrument in writing executed by the parties and/or their authorized representatives.

15. **Severability**. The parties hereto agree that if any provision in this Agreement is held to be invalid or unenforceable, that provision will be modified so as to be enforceable, or shall be severed from this Agreement, and the remainder of this Agreement will continue to be valid and enforceable, unless such determination of invalidity shall deprive a party of the substantial benefit of its bargain. The parties agree that any determination by any federal, state or local authority regarding treatment of the terms or consideration of this Agreement under any laws regarding taxation shall not constitute an event depriving a party of the substantial benefit of its bargain. The parties agree that a determination that any Plaintiff's release of claims herein is invalid shall deprive Defendant of the substantial benefit of its bargain.

16. **Entire Agreement**. The parties hereto agree that this Agreement constitutes the entire agreement between the parties, and that they have not relied upon any representation or statement, written or oral, not set forth in this document. All other agreements, undertakings, understandings, representations and warranties relating to any

matters covered by this Agreement are superseded and discharged by the execution of this Agreement.

17. **Counterparts**.  This Agreement may be executed by the parties in separate counterparts, each of which shall be deemed to constitute an original.

18. **Opportunity to Review and Rescind**.  Each Plaintiff agrees and acknowledges that he/she has up to 21 days to consider this Agreement.  If a Plaintiff uses less time to consider the Agreement, such decision is completely voluntary.  Furthermore, each Plaintiff has 7 days to revoke this Agreement after signing it (the "Revocation Period").  If the last day of the Revocation Period falls on a Saturday, Sunday or holiday, then the Revocation Period shall not expire until the next business day thereafter.  If a Plaintiff elects to revoke this Agreement, he/she must do so by notifying M. Sean Moyles, Esq., attorney for Defendants, in writing, on or before the last day of the Revocation Period, via: (a) personal delivery; (b) email to Smoyles@LangstonHess.com; or (c) U.S. mail to M. Sean Moyles, Langston, Hess P.A., 600 Druid Rd. E., Clearwater, FL 33756, postmarked on or before the last day of the Revocation Period.  This Agreement will not become effective or enforceable, nor will Plaintiffs receive any compensation under this Agreement, until the Revocation Period has expired. In the event that any Plaintiff revokes this Agreement, this Agreement shall be null and void, and no compensation or benefits will be due hereunder to any Plaintiff or Plaintiff's counsel. Each Plaintiff agrees and acknowledges that he/she has been advised by Defendant to consult with an attorney before executing this Agreement, and has done so.

19. **Representation**. Each of the parties hereto acknowledges that it, he or she has been represented by legal counsel of its, his or her own choice throughout all

negotiations which preceded the execution of this Agreement and that it, he or she has executed this Agreement having had the benefit of the advice of such legal counsel.

20. **Neutral Reference:** Defendant agrees that it will provide a neutral reference in response to any inquiries regarding Plaintiffs' employment with Defendant. The neutral reference shall provide only (1) the Plaintiff's dates of employment and (2) all positions held with Defendant. Defendant's agreement herein is conditioned on any inquiry being directed, in writing, to Defendant's Property Manager. In the event that inquiries are directed to other individuals or departments, Defendant shall be held harmless for any information provided in response thereto.

21. **Informed Agreement**. Each party hereto represents and agrees that it, he or she has carefully read and fully understands all of the provisions of this Agreement, including the release and waiver of claims, and that it, he or she is voluntarily entering into this Agreement.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND RELEASE INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

| **MARIA STRAWDER** | **ATS PROPERTY MANAGEMENT, LLC** |
|---|---|
| Signature: _____ | Signature: _____ |
| Date: _____ | Printed Name: _____ |
| **GILBERT STRAWDER** | Title: _____ |
| Signature: _____ | Date: _____ |
| Date: _____ | |

Sunday or holiday, then the Revocation Period shall not expire until the next business day thereafter. If a Plaintiff elects to revoke this Agreement, he/she must do so by notifying M. Sean Moyles, Esq., attorney for Defendants, in writing, on or before the last day of the Revocation Period, via: (a) personal delivery; (b) email to Smoyles@LangstonHess.com; or (c) U.S. mail to M. Sean Moyles, Langston, Hess P.A., 600 Druid Rd. E., Clearwater, FL 33756, postmarked on or before the last day of the Revocation Period. This Agreement will not become effective or enforceable, nor will Plaintiffs receive any compensation under this Agreement, until the Revocation Period has expired. In the event that any Plaintiff revokes this Agreement, this Agreement shall be null and void, and no compensation or benefits will be due hereunder to any Plaintiff or Plaintiff's counsel. Each Plaintiff agrees and acknowledges that he/she has been advised by Defendant to consult with an attorney before executing this Agreement, and has done so.

19. **Representation.** Each of the parties hereto acknowledges that it, he or she has been represented by legal counsel of its, his or her own choice throughout all negotiations which preceded the execution of this Agreement and that it, he or she has executed this Agreement having had the benefit of the advice of such legal counsel.

20. **Neutral Reference:** Defendant agrees that it will provide a neutral reference in response to any inquiries regarding Plaintiffs' employment with Defendant. The neutral reference shall provide only (1) the Plaintiff's dates of employment and (2) all positions held with Defendant. Defendant's agreement herein is conditioned on any inquiry being directed, in writing, to Defendant's Property Manager. In the event that inquiries are directed to other individuals or departments, Defendant shall be held harmless for any information provided in response thereto.

21. **Informed Agreement.** Each party hereto represents and agrees that it, he or she has carefully read and fully understands all of the provisions of this Agreement, including the release and waiver of claims, and that it, he or she is voluntarily entering into this Agreement.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND RELEASE INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

MARIA STRAWDER                          ATS PROPERTY MANAGEMENT, LLC

Signature: _____             Signature: _____

Date: 09/17/2020                        Printed Name: Adam Schwerin

                                        Title: Owner

**GILBERT STRAWDER**
                                        Date: 9/10 2020
Signature: _____

Date: 09/17/2020

Page 12 of 12